IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PEDRO CARRASCO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | C.A. No. _____ |
| | § | |
| STANDARD INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Standard Insurance Company ("Standard"), for the purpose only of removing this case to the United States District Court for the Western District of Texas, San Antonio Division, states:

1. **State Court Action.** Plaintiff Pedro Carrasco ("Carrasco") filed this action in the County Court at Law No. 3 in Bexar County, Texas, Cause No. 2016-CV-01051, on February 29, 2016. Carrasco asserts claims against Standard for breach of contract, violations of the Texas Insurance Code and Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), and for money damages based on the denial of benefits under a long-term disability ("LTD") insurance policy ("Policy") issued by Standard.

2. **Diversity of Citizenship.** The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, Carrasco was a citizen and resident of the state of Texas at the time this action was filed and remains a citizen and resident of Texas as of the date of this removal. [Petition, p. 1.] Standard is an Oregon corporation with its principal office and place of business in Portland, Oregon. [*See* Declaration of Standard ("Declaration") attached hereto as Exhibit A, ¶ 2.] Accordingly, Standard was a citizen

and resident of Oregon at the time this action was filed and remains a citizen and resident of Oregon as of the date of this removal.  Accordingly, complete diversity of citizenship exists between Carrasco, on the one hand, and Standard, on the other hand.

3.     **Amount in Controversy.**  Further, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Among other things, Carrasco seeks to recover unpaid LTD benefits and interest. [Petition, ¶ 5.] Carrasco also seeks "statutory penalties of up to three times the amount of the **policy limits**." [Petition, ¶ 5(d) (emphasis added).]  The maximum monthly LTD benefit available to Carrasco under the Policy (or policy limits) is $2,400.00 per month.  [Declaration, ¶ 4.]  Standard closed Carrasco's claim for LTD benefits under the Policy on February 27, 2014.  [*Id.*, ¶ 5.]  Accordingly, the total LTD benefits sought by Carrasco through the time of removal total approximately $60,000.00 (25 months x $2,400.00).  Carrasco also seeks damages for mental or emotional anguish, statutory penalties, treble damages, and attorney's fees, putting the damages sought in the Petition at more than $180,000.00. [Petition, ¶ 5.]

4.     Despite Carrasco's statement in his Petition that he seeks money damages that are less than $75,000.00 at **this time**, the amount in controversy clearly exceeds the jurisdictional minimum. *See Dow Agroscience L.L.C. v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003) (claim for $18,242.50, trebled under DTPA, plus attorneys' fees, exceeds the $75,000.00 jurisdictional threshold), *vacated on other grounds*, 544 U.S. 531 (2005); *St. Paul Reinsurance Co. v Greenberg*, 134 F.3d 1250; *Graham v. Henegar*, 640 F.2d 732, 735-36 n.9 (5th Cir. 1981) (attorneys' fees must be included in calculating amount in

controversy); *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 212-213 (E.D. Tex. 1996). Indeed, the same would be true even considering the minimum LTD benefit.[1]

5. **Removal is Proper.** The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and this action is between citizens of different states. Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441. In addition, removal is timely under 28 U.S.C. § 1446(b) as Standard was served with process on March 14, 2016, which was the first time that Standard received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.

6. **State Court Documents Attached.** Pursuant to the Federal Rules of Civil Procedure, a certified copy of the state court docket sheet and all documents filed in the state court action, separately attached and arranged in chronological order, are attached as Exhibit B. These documents constitute the only pleadings, process, or orders filed in the state court or received by Standard. A list of the parties and counsel is also attached as Exhibit C. Finally, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

## RELIEF REQUESTED

Standard respectfully requests that the United States District Court for the Western District of Texas, San Antonio Division, accept this Notice of Removal and that it assume jurisdiction of this cause and grant such other and further relief as may be necessary.

---

[1] Even considering the minimum LTD benefit payable under the Policy the amount in controversy is met. The total LTD benefit at time of removal would be $15,000 (25 months x $600). If you treble this amount, and add the mental anguish, attorneys' fees, and other damages sought by Carrasco, the sum also meets the statutory requisite.

Respectfully submitted,

By:  s/ Ryan K. McComber
    Ryan K. McComber
    State Bar No. 24041428
    ryan.mccomber@figdav.com
    Kristina A. Kiik
    State Bar No. 24074532
    kristina.kiik@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas  75202
Tel:  (214) 939-2000
Fax:  (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

    I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via certified mail, return receipt requested on this 11th day of April, 2016.

    /s/ Ryan K. McComber
    Ryan K. McComber